# Louisville & Nashville Railroad Co. v. Buffington.

## *Action of Assumpsit.*

1. *Principal and agent; responsibility of agent for loss by burglary of money collected.*—Where, in the absence of any special agreement to act as the insurer of monies collected by him, an agent for the collection of money, who not being able to remit it the day it was collected, locked it up in an iron safe which belonged to his principal, and which he found in the principal's office when he took charge thereof as agent, and then fastened the doors and windows of the office and left it for the night, such agent is not lacking in the exercise

of ordinary diligence, so as to make him responsible for the loss of the money that night by burglary; and such facts present a defense to the recovery by the principal of such money from said agent.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. C. RICHARDSON.

This was a suit brought by the appellee against the Louisville & Nashville Railroad Company, in which the plaintiff sought to recover from the defendant $67.70. The complaint contained the common counts. The defendant pleaded the general issue and the following special plea of set off: "2. And for further answer to the complaint defendant says as a defense to the action of the plaintiff, that at the time said action was commenced the plaintiff was indebted to it in the sum of to-wit, about $125, which said amount had been collected by plaintiff while acting as agent of defendant, and which it was the duty of the plaintiff to pay over to defendant, and which he has failed to do, which said amount defendant offers to set off against the demand of plaintiff *pro tanto*, and claims judgment for the excess." To the second plea the plaintiff filed the following replication: "Comes the plaintiff by attorneys, and as to the second plea of defendant, plaintiff saith that he, by reason of anything by the said defendant in that plea above alleged, ought not to be barred from having and maintaining his said action thereof against him; because he saith, that he was not nor is indebted to the said defendant in manner and form as the said defendant hath in its second plea alleged. And plaintiff avers that on, to-wit, the 4th day of February, 1895, he was the agent of defendant at Castleberry, Alabama, and there came into his hands, as agent of said defendant on the date aforesaid, one hundred and twenty-five dollars. After the train had gone, on which it was his duty to remit said sum of money aforesaid to defendant, and having no opportunity to remit said sum aforesaid on said day aforesaid to said defendant after said money came into his hands, plaintiff did on, to-wit, the 4th day of February, 1895, place the said sum of money in an iron safe which he found in defendant's office at Castleberry, Ala., when plaintiff took

charge of said office as agent of defendant, and in which he as agent kept all money of defendant until he had an opportunity of remitting to defendant, and plaintiff says that after placing said package in said safe he locked the door of said safe, and on leaving his office at the end of the day the said sum of money aforesaid was in locked safe, and plaintiff fastened the windows and locked the door of said office, and that on his return the next morning he found the door of said office had been broken open, and said safe door had been opened and the sum of money aforesaid had been stolen; and plaintiff says that said doors were opened and said sum of money stolen without fault on part of plaintiff."

To the replication to the second plea, the defendant demurred upon the following grounds: "1st. Because said replication is no answer to defendant's second plea." "2d. Because said replication fails to deny that it was plaintiff's duty to pay over the money collected by him as agent of the defendant." "3d. Because said replication seeks to set up a new and independent issue not raised by said second plea." "4th. Because said replication confesses the truth of said plea and seeks to avoid responsibility for the nonperformance of plaintiff's duty by setting up new and independent acts on his part, not ordered by defendant." "5th. Because under said plea and replication, it was the duty of the plaintiff to keep and pay over said money." "6th. Because it is not averred or shown that the safe in which it is alleged said money was placed, was furnished by defendant as a place for the safe keeping of money received by plaintiff." "7th. Because said replication fails to show that there were not other means of sending said money to the defendant." This demurrer was overruled.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the overruling of its demurrer to plaintiff's replication to the second plea.

J. M. FALKNER and CHAS. P. JONES, for appellant.

STALLWORTH & BURNETT, contra.

[Louisville & Nashville Railroad Co. v. Sharp.]

TYSON, J.—The complaint was upon the common counts. The defendant's plea No. 2 is a plea of set-off, and sought to recover of plaintiff one hundred and twenty-five dollars, which was collected by him while acting as agent of defendant and which, it was alleged, it was his duty to pay over to defendant.

Confessedly the duty alleged, under the averments of the plea, to pay over this money to defendant by plaintiff, grows out of the relation of agent and principal, shown to have existed between them, rather than out of a special agreement on the part of the plaintiff to pay at all events. In the absence of allegation of a special agreement by plaintiff to become an insurer, the plea must be construed as seeking a recovery against him as a bailee for hire. As bailee, the plaintiff was required to exercise ordinary diligence and was answerable for only ordinary neglect. He was not an insurer of the money intrusted to his care, and was not responsible for the loss of it resulting from dangers necessarily incident to its keeping, nor from inevitable accident or irresistible force. Comprehended in the term of irresistible force is a loss by robbery or burglary.—3 Am. & Eng. Ency. Law (2d ed.), pp. 746, 747, 749, and notes.

The replication, to which defendant demurred, tested by these principles, was a full answer to the plea. There was, therefore, no error in overruling the demurrer to it.

Affirmed.